UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

SUKHVIR SINGH,

Defendant.

Case No. 6:25-PO-00024-HBK-1

ORDER VACATING BENCH TRIAL AND REQUIRING GOVERNMENT TO IDENTIFY AUTHORITY FOR PROPOSED DISPOSITION

Before the Court is the parties' stipulation and request to vacate the bench trial currently set for September 16, 2026. (Doc. 35). The parties represent that they have reached a proposed resolution under which Defendant would resolve the two pending citations by paying the applicable bailable fees. They further represent that the Government intends to move to "convert" the mandatory citations to bailable citations and requests that Court lift the abstract hold.

The request to vacate the trial will be granted. By doing so, however, the Court does not approve, adopt, or prejudge the parties' proposed disposition of the pending citations. The Court's local rules do not permit conversion of a citation to a bailable or collateral-forfeiture matter after an initial appearance. That limitation is material here.

The Court is concerned by the timing and procedural posture of the request. At initial appearance and arraignment, based on the issuance of the three mandatory citations and

circumstances of the case, the Court appointed the Federal Public Defender. After Defendant failed to appear at a third status conference, the Court issued a bench warrant and an abstract hold. At the subsequent trial-confirmation hearing, the parties represented that the case would proceed to trial. In reliance on those representations, the Court also arranged for two interpreters to appear at trial, including hotel accommodations. The Court refers the parties to Local Rule 403(d), (e).

The parties filed the present stipulation at 4:35 p.m. on September 14, 2026, fewer than two days before trial. The stipulation seeks to vacate trial based on a proposed bailable-fee resolution, while stating that the Government will separately move to "convert" the pending citations. It neither identifies authority for such a conversion after an initial appearance nor explains why the proposed disposition was not raised earlier, including at the trial-confirmation hearing.

Federal Rule of Criminal Procedure 58 permits a court, when authorized by a local collateral-forfeiture rule, to accept a fixed-sum payment in lieu of appearance and thereby terminate a petty-offense case. *See* Fed. R. Crim. P. 58(d)(1). The citations here were issued as mandatory appearance citations. The parties have not identified any local-rule, standing-order, or other authority permitting the pending citations may be converted to bailable citations after Defendant's initial appearance, arraignment, and the appointment of counsel.

Accordingly, IT IS ORDERED:

1. The request to vacate the bench trial incorporated in the stipulation (Doc. 35) is GRANTED.
2. No later than September 18, 2026, the Government shall file its anticipated motion and a memorandum not exceeding 10 pages that:
    a. Identifies the precise procedural vehicle for the requested relief, including whether the Government seeks amendment, withdrawal, dismissal, reissuance, or another disposition of the presently pending citations;
    b. Identifies the federal rule, local criminal rule, general order, collateral-forfeiture schedule, or other authority permitting the requested relief after

Defendant's initial appearance and arraignment;

c. Explains whether the citations, as issued, are eligible for disposition through payment of collateral or bailable fees and identifies the applicable amount for each citation;

d. Explains why the Government did not seek the proposed resolution before the trial-confirmation hearing, at which the parties represented that they were proceeding to trial;

e. Addresses the effect of the proposed disposition on the abstract hold, Defendant's prior failure to appear, the appointment and continued role of the Federal Public Defender, and any notice that must be provided to Defendant in a language Defendant understands; and

f. If the Government contends that dismissal and reissuance are unnecessary, explains why that position is consistent with the Court's local rules and Rule 58. If the Government seeks dismissal, it shall identify whether the request is made pursuant to Federal Rule of Criminal Procedure 48(a) and identify the proposed disposition of the citations thereafter.

3. Defendant, through counsel, may file a response within five days after the Government files its motion. The Court will then determine thereafter whether a hearing is necessary and whether the abstract hold should be modified or lifted.

Dated: September 14, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE